



FILED
Dec 10, 2021
10:30 AM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Rhonda Knott | ) | Docket No. 2021-05-0288 |
| | ) | |
| v. | ) | State File No. 101548-2020 |
| | ) | |
| Great Lakes Cheese of TN, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Dale A. Tipps, Judge | ) | |

---

### Affirmed and Remanded

---

The employee, a conveyor line attendant, reported falling onto her left side when she slipped on a wet mat at work. Following the receipt of certain authorized medical care, the employee sought treatment on her own for her left knee complaints. She subsequently asked the court to deem her selected physician the authorized treating physician for her left knee and to compel the employer to authorize treatment recommended by that physician. She also asked the trial court to order reinstatement of temporary disability benefits and assess certain penalties, attorney's fees, and expenses against the employer. Following an expedited hearing, the trial court declined to order the requested benefits, concluding the employee was not justified in seeking treatment on her own under the circumstances presented. The employee has appealed. Following the filing of Employee's notice of appeal, the parties filed additional documents indicating Employee had selected a physician from Employer's panel. Upon careful consideration of the record, we affirm the trial court's order in part, conclude part of the appeal is moot, and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Pele I. Godkin and Judge David F. Hensley joined.

Adam W. Selvidge, Nashville, Tennessee, for the employee-appellant, Rhonda Knott

J. Allen Callison, Nashville, Tennessee, for the employer-appellee, Great Lakes Cheese of TN, Inc.

## Factual and Procedural Background

Rhonda Knott ("Employee"), a Tennessee resident, worked for Great Lakes Cheese of TN, Inc. ("Employer"), as a conveyor line attendant. On October 27, 2020, Employee reported suffering injuries when she slipped on a wet floor mat and fell onto her left side. The incident was witnessed and caught on surveillance video, and it was reported in a timely manner. Employee reported pain and symptoms in her neck, left shoulder, left elbow, back, and left knee. Approximately one week later, Employee was seen at Physician's Medical Care where she underwent several x-rays. After a second visit at that clinic, Employee was referred for an orthopedic evaluation. As a result, Employer provided her a panel of specialists from which she selected Dr. Richard Bowman of Tennessee Orthopaedic Alliance.

During her first visit with Dr. Bowman, according to his January 6, 2021 report, Employee complained of "pain radiating from her neck into her left arm and from her back down into her left leg." Employee testified she also complained during that visit of shoulder pain, hip pain, left knee pain, and left elbow pain, but those specific complaints are not reflected in Dr. Bowman's report. Dr. Bowman indicated Employee "has been dealing with left upper and lower extremity radiculopathy." He noted weakness and abnormal reflexes in her left arm and left leg, but he made no specific reference to complaints, physical examination findings, or treatment recommendations for the left knee.

Following Employee's second visit with Dr. Bowman, he noted lumbar MRI findings he felt were "likely responsible for her radicular-type symptom." He also noted Employer had denied authorization for a cervical MRI. Dr. Bowman recommended an epidural steroid injection to the lumbar region and reiterated his request for a cervical MRI. He also recommended Employee remain out of work.

Dr. Bowman's subsequent records indicate the cervical MRI revealed "mild spinal canal stenosis at C3-C4 and moderate foraminal stenosis [at] C4-C5." He also noted "a nonspecific left T5 paraspinal lesion." He indicated a "lack of response" to the lumbar epidural steroid injection, and he treated Employee with medications and ordered EMGs. In his final record, dated March 8, 2021, Dr. Bowman noted that "[h]er workup has been overall unrevealing" and that her symptoms were not improving. He recommended a surgical evaluation followed by a possible neurology referral.

As noted above, Dr. Bowman's records do not reflect that Employee made specific complaints or requested treatment for her left knee during the course of his treatment. Conversely, Employee testified that she reported left knee symptoms at every visit with Dr. Bowman and requested treatment for the left knee, but Dr. Bowman provided no such treatment. She also testified she asked Dr. Bowman to refer her to a knee specialist, and he made such a referral in early May 2021.

In the interim, Employee sought treatment for her left knee with Dr. Colin Looney of the Bone and Joint Institute of Tennessee, who she first saw in April 2021. During her expedited hearing testimony, Employee acknowledged she did not contact Employer or the insurance adjuster prior to seeing Dr. Looney. He ordered an MRI of the left knee that he reported revealed a complex tear of the lateral meniscus. Dr. Looney commented that "this likely happened at the time of the fall and is probably work-related." He recommended surgical intervention.

In late May 2021, Employee attempted to see Dr. Roderick Vaughan, the physician to whom Dr. Bowman had referred her. However, according to Employee's testimony, when she appeared at Dr. Vaughan's office for the May 24 appointment, he refused to see her. In early June, Employer offered Employee a panel of specialists, but she declined to select a physician from the panel, preferring instead to continue treating with Dr. Looney. As a result of her refusal to select a physician from the panel, Employer suspended temporary disability benefits pursuant to Tennessee Code Annotated section 50-6-204(d)(8).

Employee filed a petition for benefits on June 4, 2021, asking the court to designate Dr. Looney as her authorized treating physician for the left knee. Employee also asked the court to order Employer to reinstate temporary disability benefits and to assess penalties, attorney's fees, and expenses related to Employer's decision to suspend benefits. Following an expedited hearing, the trial court concluded Employee had not met her burden of showing she was likely to prevail at trial in proving her entitlement to medical treatment with Dr. Looney, back or ongoing temporary disability benefits, penalties, attorney's fees, or expenses. Employee has appealed.

**Standard of Review**

The standard we apply in reviewing the trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2021). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings and credibility determinations made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed de novo. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2021).

**Analysis**

On appeal, Employee raises a single issue, which is whether the trial court erred in declining to award "back and ongoing temporary benefits." Upon determining Employee was not justified in seeking medical treatment on her own, the trial court considered whether Employer had properly suspended temporary disability benefits based on Employee's refusal to choose a specialist physician from the panel it had provided. After considering the evidence presented to date, the trial court determined Employee "does not appear likely to prove entitlement to temporary disability benefits until she makes a panel selection."

It is well-settled that an employer is legally obligated to provide to an injured employee reasonable and necessary medical treatment that is causally related to the work accident. *See* Tenn. Code Ann. § 50-6-204(a)(1)(A) (2021). In this regard, Tennessee's Workers' Compensation Law provides:

> The injured employee shall accept the medical benefits afforded under this section; provided that in any case when the employee has suffered an injury and expressed a need for medical care, the employer shall designate a group of three (3) or more independent reputable physicians, surgeons, chiropractors or specialty practice groups if available in the injured employee's community . . . .

Tenn. Code Ann. § 50-6-204(a)(3)(A)(i). In addition, the law states:

> If the injured employee refuses to comply with any reasonable request for examination or to accept the medical or specialized medical services that the employer is required to furnish under this chapter, the injured employee's right to compensation shall be suspended and no compensation shall be due and payable while the injured employee continues to refuse.

Tenn. Code Ann. § 50-6-204(d)(8).

We addressed a similar scenario in *Rhodes v. Amazon.com, LLC*, No. 2018-01-0349, 2019 TN Wrk. Comp. App. Bd. LEXIS 24 (Tenn. Workers' Comp. App. Bd. June 11, 2019). In that case, the panel-selected physician made a referral to a physician, but the employee refused to attend the appointment because he felt the drive to the specialist physician's office was too far. *Id.* at *5. Thereafter, he sought treatment on his own with a different physician. *Id.* In addressing a suspension of temporary benefits under section 204(d)(8), we concluded:

> Employee testified that his decision not to attend his appointment was based on his belief that it was too far from his home. As the trial court found, and

4

as we have affirmed, Dr. Hutcheson was located in Employee's community. Thus, Employee's refusal to attend his . . . appointment with Dr. Hutcheson based on location was unreasonable, and Employer appropriately suspended his right to compensation as provided in section 50-6-204(d)(8).

*Id.* at \*23-24.

Here, Employee admitted she did not contact Employer or its insurance adjuster prior to seeing Dr. Looney, and she did not inform Employer of her treatment with Dr. Looney until May 12. She admitted that the authorized physician, Dr. Bowman, referred her to Dr. Vaughan for evaluation of her left knee. She admitted that when Dr. Vaughan refused to see her, Employer provided a panel of specialists within approximately one week. Finally, she admitted she declined to select a physician from the panel and indicated her desire to continue treating with Dr. Looney. Under these circumstances, we cannot conclude the trial court erred in determining Employee was not likely to prevail at trial in establishing entitlement to temporary disability benefits during the period she declined to select a physician from the specialist panel offered by Employer.

In her brief, Employee asserts that because she suffered from multiple injuries and was entitled to temporary disability benefits "for more than one injury," she has not "refused to accept" the medical services offered for her neck and back injuries, and she should have continued to receive temporary disability benefits regardless of her decision not to accept medical services from a panel physician for her left knee condition. However, following the filing of the notice of appeal in this case, Employee filed a motion to compel medical treatment with Dr. Bowman. Attached as an exhibit to that motion was an email from Employee's counsel dated September 28 in which counsel indicated Employee had selected a physician from Employer's panel of knee specialists, and a signed panel was attached to the email. Given the portion of the trial court's order stating that benefits were suspended "until she makes a panel selection," we conclude the issue regarding entitlement to ongoing temporary disability benefits is moot. We further conclude Employee has not presented sufficient evidence at this stage of the case supporting her claim for the payment of temporary disability benefits from the date Employer suspended those benefits until September 28, the date she selected a physician from the panel. Given the interlocutory nature of the trial court's order, Employee can, at a future date, present additional proof she may wish to offer in support of her claim for additional temporary disability benefits.

**Conclusion**

For the foregoing reasons, we affirm the trial court's order and remand the case. Costs on appeal are taxed to Employee.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Rhonda Knott | ) | Docket No. 2021-05-0288 |
| | ) | |
| v. | ) | State File No. 101548-2020 |
| | ) | |
| Great Lakes Cheese of TN, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Dale A. Tipps, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 10th day of December, 2021.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Adam W. Selvidge | | | | X | adam@reasonoverlaw.com |
| Allen Callison | | | | X | allen.callison@mgclaw.com |
| Dale A. Tipps, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

![signature]

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov